NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3043
_____

MARCEL PINEDA-ROJAS,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A208-058-333)
Immigration Judge:  Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2017

Before:  CHAGARES, SCIRICA and FISHER, *Circuit Judges*.

(Filed: April 11, 2017)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

An Immigration Judge ("IJ") ordered Marcel Pineda-Rojas, a native and citizen of Guatemala, removed from the country. Pineda-Rojas appealed that order to the Board of Immigration Appeals ("BIA"), which dismissed his case, and now petitions us for review of the BIA's dismissal order. For the reasons that follow, we will dismiss the petition in part and deny it in part.

I.

Pineda-Rojas illegally entered the United States in 2001 and has remained here continuously since that time. In August 2015, he was convicted of cocaine possession and the Department of Homeland Security charged him as removable from the country.

In October, Pineda-Rojas appeared before an IJ. At his initial appearance, he conceded his removability but moved for a continuance of the removal proceeding. At the next listing of his removal proceedings, Pineda-Rojas requested relief from removal by applying for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The IJ scheduled a merits hearing in February 2016. At the hearing, Pineda-Rojas testified regarding his fear that he would be killed or targeted by a drug cartel if he returned to Guatemala. Personally, Pineda-Rojas testified, he had never dealt drugs. However, his brother and cousin were involved in a large drug cartel, his brother had tried to recruit him to sell drugs, and the police seized a cocaine package addressed to his cousin as it was being delivered to his home in 2015. Because he had not spoken with his

2

brother or cousin since 2009, he did not know who sent the drugs in 2015, but he suspected it was his brother, his cousin, or their cartel. Likewise, he did not know if anyone was looking for him, but he feared that the cartel would be angry about the drug seizure and either kill him for losing the drugs or torture him to find his brother or cousin.

At the conclusion of the merits hearing, the IJ ordered Pineda-Rojas removed to Guatemala. The IJ found Pineda-Rojas's asylum application untimely and then denied his applications for asylum, withholding of removal, and protection under the CAT on the merits because he failed to demonstrate a well-founded fear of persecution on account of his membership in a particular social group.

In March, Pineda-Rojas appealed the IJ's decision to the BIA. The BIA, in turn, upheld the IJ's decision and dismissed his appeal. It agreed with Pineda-Rojas that his application for asylum was timely and that his family constituted a particular social group. But it found his CAT claim waived for his failure to appeal the IJ's denial of CAT protection. And it denied his applications for asylum and withholding of removal on the merits because he had not shown that his group was socially distinct in Guatemala; that he would be harmed on account of his familial relationship; or that he had a well-founded fear of future persecution. This timely petition for review followed.

II.

The IJ had jurisdiction over Pineda-Rojas's removal proceeding under 8 U.S.C. § 1229a. The BIA had jurisdiction under 8 U.S.C. § 1103(g)(2) and 8 C.F.R. §

3

1003.1(b)(3). We have jurisdiction under 8 U.S.C. § 1252(a). When the BIA issues a decision on the merits, we review the BIA's legal determinations *de novo*, subject to the principles of deference articulated in *Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 844 (1984).[1] We review the BIA's factual findings, including its determination of whether an alien has a well-founded fear of persecution, for substantial evidence.[2] Under substantial-evidence review, "we may reverse only if a reasonable adjudicator would be compelled to conclude to the contrary."[3]

### III.

On appeal, Pineda-Rojas raises three issues. First, Pineda-Rojas argues that the BIA and IJ erred in denying his applications for asylum and withholding of removal. Second, he argues that the IJ was biased against him. Third, he argues that the BIA and IJ erred in denying his application for CAT protection. Pineda-Rojas, however, did not raise a procedural due process or CAT claim in his BIA appeal—instead, his BIA appeal was limited to three challenges to the denial of his applications for asylum and withholding of removal. Because these two issues were neither presented to, nor addressed by, the BIA,

---

[1] *Catwell v. Att'y Gen.,* 623 F.3d 199, 205 (3d Cir. 2010).

[2] *Id.*; *see also Caushi v. Att'y Gen.*, 436 F.3d 220, 225 (3d Cir. 2006).

[3] *Toure v. Att'y Gen.*, 443 F.3d 310, 316 (3d Cir. 2006) (brackets and internal quotation marks omitted).

4

they are unexhausted, and we lack jurisdiction to consider them.[4] Thus we may only review the denial of his applications for asylum and withholding of removal.

A.

To be eligible for asylum under 8 U.S.C. § 1158(b)(1)(A), the asylum applicant bears the burden of establishing that he qualifies as a refugee by being "unable or unwilling to avail himself . . . of the protection of [his native country] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[5] To obtain a withholding of removal, the applicant must make a similar showing but bears a heightened burden: the applicant must demonstrate a "clear probability of persecution"[6] because of his "race, religion, nationality, membership in a particular social group, or political opinion."[7]

Although Pineda-Rojas maintains that his testimony established that he has a well-founded fear of persecution on account of his membership in his family, we find no error in the BIA's conclusion that he failed to demonstrate his eligibility for asylum or

---

[4] *See, e.g.*, 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012) ("A petitioner's failure to exhaust an issue by presenting it to the BIA deprives us of jurisdiction to consider that issue."); *Lin v. Att'y Gen.*, 543 F.3d 114, 126 (3d Cir. 2008) (recognizing the BIA can exhaust an unpresented issue by addressing it *sua sponte*); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 n.6 (3d Cir. 2003) ("[A] claim of IJ bias remains subject to administrative exhaustion requirements.").

[5] 8 U.S.C. § 1101(a)(42)(A); *see also Camara v. Att'y Gen.*, 580 F.3d 196, 201-02 (3d Cir. 2009).

[6] *INS v. Stevic*, 467 U.S. 407, 430 (1984).

[7] 8 U.S.C. § 1231(b)(3)(A).

withholding of removal. Whether or not his familial status constitutes a "particular social group" within the meaning of the Immigration Naturalization Act ("INA"), the statute also requires him to demonstrate a "well-founded fear of persecution"[8] and "a sufficient 'nexus' between persecution and one of the listed protected grounds."[9] In its decision below, the BIA found that Pineda-Rojas could not establish a nexus between persecution and his familial status or a well-founded fear of persecution. And we agree with the government that substantial evidence supports those factual findings.

During Pineda-Rojas's testimony, he admitted that the central reason he feared retribution was because the cartel's drugs were lost, not because he was a member of his family. In addition, he identified no past mistreatment in Guatemala and admitted that he did not know who sent the drugs or whether anyone in the cartel was looking for him. Finally, he testified that no one had threatened him for losing the drugs. Under our precedent, to establish a well-founded fear of persecution for asylum, Pineda-Rojas's stated fear of persecution is not enough—he must both show that "he has a subjective fear of persecution" and that his subjective fear "is supported by objective evidence that

---

[8] 8 U.S.C. § 1101(a)(42)(A).

[9] *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 129 (3d Cir. 2009); *see also* 8 U.S.C. § 1158(b)(1)(B)(i) ("To establish that the applicant is a refugee within the meaning of [section 1101(a)(42)(A) of this title], the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.").

persecution is a reasonable possibility."[10] As the BIA properly concluded, his testimony was based solely on speculation and falls well short of satisfying that objective showing.

Because Pineda-Rojas "has failed to establish a well-founded fear of persecution, he has failed to meet the higher standard of demonstrating a 'clear probability' of persecution and thus is also not eligible for withholding of removal."[11] Consequently, the BIA properly concluded that he is not entitled to asylum or withholding of removal.

IV.

For the reasons set forth above, we will dismiss Pineda-Rojas's petition for review in part and deny it in part.

---

[10] *Abdille v. Ashcroft*, 242 F.3d 477, 495-96 (3d Cir. 2001) (internal quotation marks omitted).

[11] *Kibinda v. Att'y Gen.*, 477 F.3d 113, 123 (3d Cir. 2007); *Ghebrehiwot v. Att'y Gen.*, 467 F.3d 344, 351 (3d Cir. 2006) ("Because [the standard for withholding of removal] is higher than that governing eligibility for asylum, an alien who fails to qualify for asylum is necessarily ineligible for withholding of removal.").